# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JOHN ROUSE

VERSUS

JASON ARD, ET AL.

CIVIL ACTION

NO. 18-583-JWD-EWD

### RULING AND ORDER

This matter comes before the Court on two motions. The first is the *Motion for Summary Judgment* (Doc. 20) filed by Defendants Jason Ard, Sheriff of Livingston Parish, ("Sheriff Ard") and Deputy Christian Williams ("Williams") (collectively, "Defendants") (the motion is referred to as "*Defendants' MSJ*"). Plaintiff John Rouse ("Plaintiff" or "Rouse") opposes the motion (Doc. 22), and Defendants have filed a reply (Doc. 23). The second motion is the *Motion for Partial Summary Judgment* (Doc. 24) filed by Rouse ("*Plaintiff's MPSJ*"). Defendants oppose the motion (Doc. 28), and Plaintiff has filed a reply (Doc. 29). Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule.

For the following reasons *Defendants' MSJ* is granted in part and denied in part. First, in the Fifth Circuit, there is no independently cognizable claim under § 1983 for malicious prosecution. Even if the Court were to construe this claim as one for false arrest, the claim would be barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Thus, Plaintiff's § 1983 claim for malicious prosecution is dismissed.

Second, Plaintiff does not oppose the dismissal of the following claims: (1) his § 1983 claim for supervisory liability; (2) his § 1983 *Monell* claim; and (3) his claim to declare La. Rev.

Stat. Ann. § 14:122 unconstitutional and enjoin its enforcement. Accordingly, these claims are also dismissed.

Third, because the Court has dismissed all claims over which it had original jurisdiction, the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims for malicious prosecution and vicarious liability.

For the same reason, *Plaintiff's MPSJ* is denied without prejudice. This issue can be decided by the state court, should Plaintiff choose to refile there.

## I. Relevant Factual Background

Plaintiff John Rouse is a contractor in the business of restoring and remediating damage from water, fire, mold, sewage, and flood, in residential and commercial properties. (*Decl. of John Rouse* ¶ 5, Doc. 22-1; *Compl.* ¶ 6, Doc. 22-1, Doc. 22-1 at 3.) Defendant Christian Williams is a Deputy with the Livingston Parish Sheriff's Office ("LPSO"), and Defendant Jason Ard is the Sheriff of Livingston Parish. (*Rouse Decl.* ¶ 5; *Compl.* ¶ 1.)

On May 26, 2017, while Rouse was shopping in Denham Springs, Louisiana, Deputy Williams arrested Rouse, seized him, and took him to jail. (*Rouse Decl.* ¶ 5; *Compl.* ¶ 8; *Local Rule 56(a) Statement of Undisputed Material Facts* ("*SUMF*") ¶ 1, Doc. 20-1; *Statement of Genuinely Disputed Material Facts that Preclude Summary Judgment* ("*SGDMF*"), Doc. 22-4).)[1] Plaintiff asserts that Williams charged him with the crime of Public Intimidation and Retaliation in violation of La. Rev. Stat. Ann. § 14:122, a felony punishable by up to five years in prison at hard labor. (*Rouse Decl.* ¶ 5; *Compl.* ¶ 9.) According to Plaintiff, Williams alleged that Plaintiff had committed this crime by speaking words that allegedly threatened Williams's

---

[1] Though Plaintiff submitted a *SGDMF*, he did not dispute any of the facts asserted by Defendants in their *SUMF*. Accordingly, under this Court's local rules, all of Defendant's *SUMF* are deemed admitted. *See* M.D. La. LR 56(f).

job and allegedly threatened to make complaints against Williams and to sue him. (*Rouse Decl.* ¶ 5; *Compl.* ¶ 10.)

A bill of information was filed by the Livingston Parish District Attorney arising out of the May 26, 2017, arrest in *State of Louisiana v. John Joseph Thomas Rouse*, Docket No. 114513, Twenty-First Judicial District Court, Parish of Livingston, State of Louisiana, charging Plaintiff **only** with violations of La. Rev. Stat. Ann. § 14:103.A(2) ("Disturbing the Peace") and La. Rev. Stat. Ann. § 14:108 ("Resisting an Officer"). (*SUMF* ¶ 2, Doc. 20-1; *SGDMF*, Doc. 22-4.) After a trial on the merits, Plaintiff was duly convicted on both of the charges arising from his May 26, 2017, arrest ("Disturbing the Peace" and "Resisting an Officer"). (*SUMF* ¶ 5, Doc. 20-1; *SGDMF*, Doc. 22-4.)

No bill of information or indictment was ever filed charging Plaintiff with violating La. Rev. Stat. Ann. § 14:122 ("Public Intimidation"). (*SUMF* ¶ 3, Doc. 20-1; *SGDMF*, Doc. 22-4.) Plaintiff was never prosecuted for violating this statute. (*SUMF* ¶ 4, Doc. 20-1; *SGDMF*, Doc. 22-4; *Rouse Decl.* ¶ 4, Doc. 22-1.) The district attorney refused the charge. (*Rouse Decl.* ¶ 4, Doc. 22-1; *Williams Dep.* 9, Doc. 22-3 at 2.)

Additionally, the Fifth Circuit Court of Appeals has ruled that, "insofar as it criminalizes 'threats,' Section 14:122 is unconstitutionally overbroad." (*SUMF* ¶ 6, Doc. 20-1 (citing *Seals v. McBee*, 88 F.3d 587 (5th Cir. 2018)); *SGDMF*, Doc. 22-4).) The time period for the State of Louisiana to seek review of the Fifth Circuit's decision by the Fifth Circuit has expired, so the judgment rendered in *Seals* is now final. (*SUMF* ¶ 6, Doc. 20-1; *SGDMF*, Doc. 22-4.)

II.     **Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). If the mover bears his burden of showing that there is no genuine issue of fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S. Ct. 1348 (1986) (internal citations omitted). The non-mover's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. Further:

> In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

*International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### III. *Defendants' MSJ* (Doc. 20)

#### A. Parties Arguments

##### 1. Defendants' Original Memorandum (Doc. 20-2)

Defendants have three main grounds for attack: (1) Plaintiff's claims are barred by *Heck*; (2) Plaintiff fails to establish a malicious prosecution claim because he was convicted on every charge for which he was prosecuted; and (3) Plaintiff lacks standing to obtain declaratory or injunctive relief on the constitutionality of La. Rev. Stat. Ann. § 14:122, as these claims are moot.

Defendants begin by arguing that there is no freestanding federal claim for malicious prosecution. Defendants cite to numerous Fifth Circuit cases for this position. Plaintiff tries to argue that the malicious prosecution claim was accompanied by a Fourth Amendment seizure of Plaintiff, but he cannot prove a Fourth Amendment violation because he was arrested for and eventually found guilty of disturbing the peace and resisting an officer. Any Fourth Amendment claim is thus barred by *Heck*, and there are numerous Fifth Circuit cases to support this. Further, it is clear that, if there was probable cause to arrest Plaintiff for any crime, he has no viable Fourth Amendment claim. Defendants cite to Fifth Circuit case law for this position as well.

Plaintiff's claim for supervisory liability also fails because he has failed to demonstrate a constitutional violation. Even putting this aside, the claims against Sheriff Ard are conclusory and fail. There is no allegation of personal involvement by Sheriff Ard, and there are no allegations of a pattern of similar incidents. Lastly, Sheriff Ard is entitled to qualified immunity.

Plaintiff's state law malicious prosecution claim cannot survive summary judgment, as Plaintiff does not demonstrate that he was actually charged with and prosecuted for the crime of Public Intimidation. He was never indicted or billed for this offense. Cases from this district and others confirm that Plaintiff has no claim for malicious prosecution in these circumstances. Further, the recent Supreme Court case of *Lemoine v. Wolfe* is not controlling; there were no proceedings instituted, so the "bona fide" termination element is irrelevant.

Plaintiff's state law claims for vicarious liability against Sheriff Ard also fails, as there are no remaining claims against Deputy Williams.

Lastly, Plaintiff's claim for injunctive and declaratory relief are moot because the Fifth Circuit has already ruled the Public Intimidation statute unconstitutional. There is no remaining case or controversy. Plaintiff cannot make a showing of real or immediate threat of being

5

wronged again by this statute because it cannot be enforced.  Plaintiff also cannot complain of the threat of prosecution.  First, these Defendants do not have the power to prosecute, as that belongs solely to the Livingston Parish District Attorney.  Second, again, the statute is unconstitutional, so there is no realistic possibility of Plaintiff being prosecuted.

### 2. Plaintiff's Opposition (Doc. 22)

Plaintiff responds by stating that he does not oppose dismissal of (1) his claim for injunctive and declaratory relief, and (2) the claims against Sheriff Ard for supervisor liability and *Monell* liability.  However, Plaintiff opposes the other issues.

As to Plaintiff's state law malicious prosecution claim, he asserts that Defendants must have probable cause for each crime he alleged, not just for the arrest.  Plaintiff cites to case law from other circuits for this proposition and maintains that malicious prosecution is distinct from false arrest and that, again, Defendants must have probable cause for each crime at issue.

As to *Heck*, Plaintiff emphasizes that this case can, at most, bar the federal but not state claim and that it only applies where "a successful § 1983 suit will **necessarily** imply the invalidity of a prior state court conviction." (Doc. 22 at 3 (emphasis in original).)  According to Plaintiff, Defendants have not established that Plaintiff's claim for malicious prosecution of Public Intimidation implies the invalidity of convictions for two separate offenses.  Plaintiff also urges that, though the prosecutor refused the Public Intimidation charge, Plaintiff still had to incur attorney's fees and an increased bail, aside from the "time, expense, and stress." (Doc. 22 at 5.)  Judge Jackson has also recently found that no reasonable officer could rely on the Public Intimidation statute under these circumstances.  Again, the question is whether the two convictions can "easily coexist" with the malicious prosecution claim.  Plaintiff says they are conceptually distinct.

As to the state law malicious prosecution claim, Plaintiff argues that all elements are met. Here, a criminal judicial proceeding was "commenced" by Deputy Williams. Further, there is no requirement for an indictment or bill of information. Rather, *Lemoine* relied on a case where the grand jury refused to return a bill, yet the Supreme Court still found that the element of having a bona fide termination was satisfied.

Lastly, Plaintiff urges that the jury should be allowed to decide if there is a federal malicious prosecution claim. Here, Plaintiff has stated that he was seized and held in jail prior to the refusal to prosecute for Public Intimidation. Thus, Plaintiff's claim survives.

### 3. Defendants' Reply (Doc. 23)

In reply, Defendants again assert that, in this circuit, there is no actionable § 1983 claim for malicious prosecution. Defendants cite two cases from this Court for this position. Further, *Heck* applies because the Public Intimidation charge and other convictions arise from the same incident. Defendants again point to Fifth Circuit case law on this issue and note that there is no attempt to distinguish or discuss these decisions. Defendants also hammer home that Plaintiff was never charged with Public Intimidation and never had to defend those charges. There were no charges to "drop," and he never had to appear in court for them. Plaintiff cites the record minutes from the state court proceedings.

As to the state law malicious prosecution claim, Defendants urge that Plaintiff fails to distinguish or discuss the cases they rely upon. Further, Plaintiff falsely attempts to equate this case (where criminal prosecution was never instituted) with other cases (where the criminal proceedings were instituted but the grand jury decided not to indict). Defendants argue that Plaintiff is essentially arguing for a new standard, which the Court should not impose.

7

### B. Section 1983 Claim - Malicious Prosecution

#### 1. Applicable Law

##### a. Generally

Under Fifth Circuit precedent, malicious prosecution standing alone is not a violation of the United States Constitution. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003); *Deville v. Marcantel*, 567 F.3d 156 (5th Cir. 2009). In *Castellano*, the Fifth Circuit explained that a claim under 42 U.S.C. § 1983 "must rest upon a denial of rights secured under federal and not state law." 352 F.3d at 942. The court examined the Supreme Court's opinion in *Albright v. Olivier*, 510 U.S. 266, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) and determined that the Supreme Court had:

> rejected the contention that the initiation of criminal proceedings without probable cause is a violation of substantive due process, holding that petitioner must look to the explicit text of the Fourth Amendment as a source of protection for the "particular sort of government behavior" at issue. To the point, **causing charges to be filed without probable cause will not without more violate the Constitution. So defined, the assertion of malicious prosecution states no constitutional claim.** It is equally apparent that additional government acts that may attend the initiation of a criminal charge could give rise to claims of constitutional deprivation. The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection—the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued. **Such claims of lost constitutional rights are for violation of rights locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983. Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion.**

*Castellano,* 352 F.3d at 953-54 (emphasis added).

Plaintiff's *Complaint* seems to recognize this case law, as he alleges that Williams is liable for malicious prosecution under § 1983 because "the malicious prosecution of Rouse was accompanied by and prompted a Fourth Amendment seizure of Rouse." (Doc. 22-1 at 7.) Similarly, Plaintiff's opposition to the instant motion focuses on the fact that Plaintiff was "seized." (Doc. 22 at 10.) All of this is important because *Castellano* expressly contemplates that

8

the initiation of charges without probable cause may "set in force events that run afoul of explicit constitutional protection—the Fourth Amendment if the accused is seized and arrested, for example[.]" 352 F.3d at 953. That is, while the initiation of charges without probable cause is part of the narrative underlying such a claim, it is later events that may directly run afoul of constitutional protections.

*Deville* is also instructive: there, the plaintiffs challenged alleged constitutional violations "stemming from [a] May 2006 arrest." 567 F.3d at 169. The Fifth Circuit quoted *Castellano* at length, concluded that the plaintiffs' claims for "malicious prosecution" associated with the arrest were not "independently cognizable," and then proceeded to consider a false arrest claim associated with the arrest. *Id.* at 169-70. Notably absent from *Deville* was any discussion of, or suggestion that, "malicious prosecution" was merely an improper label for a tort meaningfully distinct from false arrest or false imprisonment. *See also Golden v. Columbia Cas. Co.*, No. 13-547, 2015 WL 3650761, at *29 (M.D. La. June 11, 2015) (deGravelles, J.) (in support of malicious prosecution claim, plaintiffs submitted proof that they were arrested without probable cause; malicious prosecution claim was summarily dismissed because court had previously addressed Fourth Amendment claims for, *inter alia*, false arrest or unlawful seizure); *Thomas v. Gulotta*, No. 15-435, 2017 WL 379449, at *8 (M.D. La. Jan. 26, 2017) (Brady, J.) (dismissing federal malicious prosecution claim because, under *Castellano* and *Deville*, plaintiff's allegation that there was no probable cause for his arrest was "a violation of a constitutional right, and not a claim for malicious prosecution").[2]

---

[2] Relatedly, even assuming that some other distinct malicious prosecution claim exists, its contours are poorly defined such that qualified immunity would likely apply. *See, e.g., Bustillos v. El Paso Cty. Hosp. Dist.*, 891 F.3d 214, 220 (5th Cir. 2018) (qualified immunity protects officials from actions for money damages unless the official violates a clearly established right).

Thus, the Court will analyze Plaintiff's claim under the standards applicable to other constitutional claims, specifically false arrest under the Fourth Amendment. *See Haggerty v. Texas S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (false arrest or false imprisonment claim under § 1983 requires an arrest without probable cause); *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010) (lack of probable cause is a "necessary component" of false arrest or unreasonable seizure claim).

### b. False Arrest and *Heck*

"In [*Heck v. Humphrey,* 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)], the Supreme Court held that a plaintiff who has been convicted of a crime cannot bring a § 1983 claim challenging the constitutionality of his conviction unless that conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus." *Arnold v. Town of Slaughter*, 100 F. App'x 321, 323 (5th Cir. 2004) (per curiam) (citing *Heck*, *supra*). That is, "*Heck* teaches that in a § 1983 action, if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.' " *Cano v. Bexar Cty., Texas*, 280 F. App'x 404, 408 (5th Cir. 2008) (per curiam) (quoting *Heck*, 512 U.S. at 487, 114 S. Ct. 2364).

The Fifth Circuit has "applied Heck to bar claims for excessive force, false arrest, malicious prosecution, and other claims of unlawful seizure." *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 583 (5th Cir. 2012) (per curiam) (citing *Connors v. Graves*, 538 F.3d 373, 377–78 (5th Cir. 2008) (excessive force and unlawful seizure); *Wells v. Bonner*, 45 F.3d 90, 94–96 (5th Cir. 1995) (malicious prosecution and false arrest)). The Fifth Circuit has also "specifically noted that false-arrest and malicious-prosecution claims challenge the

existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity." *Id.* (citing *Wells*, 45 F.3d at 95). Further:

> The specific crimes charged are irrelevant if the § 1983 claims would cause a civil judgment in the plaintiff's favor to "collide" with the criminal judgment. *Wells*, 45 F.3d at 95. It also is immaterial that the plaintiff was not convicted on every count charged. *Id*. False-arrest and malicious-prosecution claims—as attacks on probable cause—"focus on the validity of the arrest." *Id*. Thus, "[i]f there was probable cause for any of the charges made . . . then the arrest was supported by probable cause," and *Heck* applies. *Id.*; *cf. Devenpeck v. Alford*, 543 U.S. 146, 153, 125 S. Ct. 588, 160 L. Ed. 2d 537 (2004) ("find[ing] no basis in precedent or reason" for concluding "that the probable-cause inquiry is further confined to the known facts bearing upon the offense actually invoked at the time of arrest, and that (in addition) the offense supported by these known facts must be 'closely related' to the offense that the officer invoked" (citation omitted)).

*Id.* at 583–84.

Several cases illustrate these principles. In *Wells*, plaintiff was arrested outside of a nightclub for disorderly conduct and resisting a search. *Wells*, 45 F.3d at 92. "The disorderly conduct charge was dropped before trial. [Plaintiff] was prosecuted and convicted on the charge of resisting a search. This conviction was upheld on appeal." *Id.* at 93. Plaintiff filed a § 1983 action alleging, *inter alia*, false arrest and malicious prosecution. *Id.* The district court denied the officers' motion for summary judgment. *Id.* The Fifth Circuit reversed based on *Heck*. *Id.* at 94. As to the malicious prosecution claim, the appellate court stated:

> The prosecution of Wells resulted in his conviction for resisting a search. Wells argues that he was maliciously and unconstitutionally prosecuted because the state lacked a basis in probable cause that he was guilty of the crime charged; in other words, in this § 1983 civil action, Wells seeks to prove that his criminal conviction is not supported by probable cause. He thus collides with *Heck,* and the collision is fatal to his claim: the civil judgment Wells seeks necessarily implies the invalidity of his criminal conviction—which has not been reversed or otherwise lawfully set aside. In short, Wells has no cognizable claim under § 1983 for malicious prosecution and his claim will never mature so long as his criminal conviction remains undisturbed. It follows, therefore, that the defendant officers are entitled to immunity on the malicious prosecution claim and the district court's denial of immunity on this claim must be reversed.

*Wells*, 45 F.3d at 94–95. The circuit court also noted:

11

> At the time of his arrest, Wells was charged with disorderly conduct and resisting a search. The disorderly conduct charge was dismissed at some point before trial, although the record is unclear as to when the dismissal occurred. Except for the initial charge and the dismissal of the charge, the record does not reflect any prosecutorial action on the part of the state independent of the resisting a search charge and prosecution. Consequently, the record reflects no evidence that would support a constitutional claim against the defendants for malicious prosecution on the basis of the disorderly conduct charge.

*Id.*, 45 F.3d at 95 n.2. The Fifth Circuit also found the false arrest claim barred by *Heck*:

> First, [plaintiff Wells] alleges that he was subjected to a false arrest. He seeks to prove that his arrest lacked a basis in probable cause. It is immediately clear that again the rationale of *Heck* precludes his claim of false arrest. As we have noted earlier, Wells was arrested and charged with resisting a search and disorderly conduct. He was duly convicted—a conviction that still stands—for resisting a search. Although it is true that the defendant officers also charged Wells with disorderly conduct, and that Wells was not convicted on that charge, these facts are insignificant in determining whether Wells presently has a § 1983 claim for an unconstitutional arrest. The claim for false arrest does not cast its primary focus on the validity of each individual charge; instead, we focus on the validity of the arrest. If there was probable cause for any of the charges made—here either disorderly conduct or resisting a search—then the *arrest* was supported by probable cause, and the claim for false arrest fails. Thus, Wells's proof to establish his false arrest claim, i.e., that there was no probable cause to arrest either for disorderly conduct *or* for resisting a search, would demonstrate the invalidity of Wells's conviction for resisting a search. *Heck,* 512 U.S. at ——, 114 S.Ct. at 2372. Consequently, *Heck* dictates that his claim for false arrest is not cognizable in the absence of the invalidation of his conviction for resisting a search, which, as we have noted, has not occurred.

*Id.* at 95.

Likewise, in *Arnold*, Plaintiff "was arrested and charged with public intimidation of police officers and possession of marijuana. He plead not guilty to these charges, which were eventually dropped." *Arnold*, 100 F. App'x at 322. Later, he was charged with resisting an officer. *Id.* He was convicted and sentenced, and his charge was not overturned. *Id.* He later sued under § 1983 and also asserted a number of state law claims. *Id.* Defendants moved for summary judgment and urged *Heck*. *Id.* The district court granted the motion, and the Fifth Circuit affirmed. *Id.* at 322–23. In doing so, the appellate court explained:

12

> [T]o obtain Arnold's conviction for resisting an officer, the prosecution had to prove that the officers were making a lawful arrest. La. Rev. Stat. Ann. § 14:08. The state trial judge appeared to find that Arnold resisted and interfered with two different lawful arrests-his own and Bonner's. Thus, by claiming false arrest, Arnold argues that, contrary to one finding underlying his conviction, his arrest was unlawful. This claim, then, also violates *Heck*.

*Arnold*, 100 F. App'x at 325.

Similarly, in *Cormier*, plaintiff called police with a trespassing complaint, and officers were sent to the scene. *Cormier*, 493 F. App'x at 580. Following an altercation with a homeless man, two officers issued a summons for simple battery and released the plaintiff. *Id.* at 581. Later, a bill of information was issued adding the charge of aggravated assault. *Id.* Both charges were eventually dismissed, but a superseding information was then filed charging plaintiff with distributing the peace. *Id.* He was convicted and sentenced to a fine, six months' probation, and a suspended sentence of ten days in jail. *Id.* He appealed but lost. *Id.*

Plaintiff later brought claims under § 1983 and state law. *Cormier*, 493 F. App'x at 581. The district court dismissed most of the claims but concluded that the two officers falsely arrested plaintiff and contributed to malicious prosecution. *Id.* at 582. The district court also rejected the *Heck* defense. *Id.*

The Fifth Circuit reversed, finding that *Heck* "preclude[d] [plaintiff's] claims" under § 1983 "for malicious-prosecution, defamation, and 'false-imprisonment' " (also characterized as " 'false-arrest' "). *Id.* at 583. The Fifth Circuit explained:

> Cormier has introduced no evidence showing that his disturbing-the-peace conviction has been reversed or otherwise called into question. Allowing Cormier to proceed with his false-arrest and malicious-prosecution claims against the officers under § 1983, then, risks "undermining the validity of his criminal conviction[ ]" because the same underlying events triggered those charges. *Connors*, 538 F.3d at 377. *Heck* thus bars those claims.

*Id.* at 584.

## 2. Analysis

In short, Defendants are entitled to summary judgment on this issue. Though Plaintiff was arrested for the crime of Public Intimidation, he was also arrested for and convicted of the crimes of Disturbing the Peace and Resisting an Officer. (*SUMF* ¶ 5, Doc. 20-1.) Plaintiff has submitted no evidence demonstrating these convictions were invalid. As a result, Plaintiff's claims are barred by *Heck*.

Plaintiff's arguments are unpersuasive, as a successful § 1983 suit would "necessarily imply the invalidity of his conviction or sentence." *Cano*, 280 F. App'x at 408. All of the charges for which Plaintiff was arrested arise from the same underlying conduct. *See Cormier*, 493 F. App'x at 584 ("Allowing Cormier to proceed with his false-arrest and malicious-prosecution claims against the officers under § 1983, then, risks 'undermining the validity of his criminal conviction[ ]' because the same underlying events triggered those charges." (citation omitted)); *Cano*, 280 F. App'x at 408 ("Cano's conduct that gave rise to probable cause to arrest is also the conduct that forms the basis of his conviction. Therefore, because a judgment in favor of Cano would necessarily imply the invalidity of his assault conviction, *Heck* bars this claim."). Thus, contrary to Plaintiff's position, the "factual basis for the [Public Intimidation] conviction is [not] temporally and conceptionally distinct from the" false arrest claim. (Doc. 22 at 3–4 (quoting *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008)); *cf. Bush*, 513 F.3d at 500 ("Because Bush has produced evidence that the alleged excessive force occurred *after* she stopped resisting arrest, and the fact findings essential to her criminal conviction are not inherently at odds with this claim, a favorable verdict on her excessive force claims will not undermine her criminal conviction." (emphasis added)). Thus, *Heck* applies to bar Plaintiff's claim.

This is particularly true because Plaintiff was convicted of Resisting an Officer, which necessarily requires a lawful arrest.[3] As Judge Brady stated in a similar case:

> The "core of *Heck* is a proscription against allowing a civil tort suit to cast doubt on a criminal conviction." *Faulkner v. McCormick,* 2002 WL 31465892 at 2 (E.D. La. 11/1/02) (citing *Heck,* 512 U.S. at 487). Here, [plaintiff] Foster pled guilty and was convicted of resisting an officer and remaining after forbidden. Consequently, Plaintiff's claim of false arrest under § 1983 would directly contradict her conviction because part of the conviction of resisting an officer requires that there be a lawful arrest. To succeed under this claim, Plaintiff would have to prove that the arrest was unlawful, casting doubt on the subsequent conviction of resisting arrest. "*Heck* will not permit such a conflict between civil and criminal proceeding to stand simultaneously." *Arnold v. Town of Slaughter,* 2003 WL 25739166 at 3 (M.D. La. 2003). Allowing the Plaintiff to proceed with her false-arrest claim would necessarily attack one of the grounds for her arrest because she was charged with, and ultimately pleaded guilty to, resisting arrest. *Daigre v. City of Waveland, Miss.*, 549 Fed. Appx. 283, 287 (5th Cir. 2013). Unless and until Plaintiff's criminal conviction is expunged or invalidated, a § 1983 claim for false arrest is therefore "not cognizable."

*Foster v. City of Addis*, No. 13-702, 2014 WL 5778922, at *2 (M.D. La. Nov. 3, 2014) (Brady, J.); *see also Arnold*, 100 F. App'x at 325 ("The state trial judge appeared to find that Arnold resisted and interfered with two different lawful arrests-his own and Bonner's. Thus, by claiming false arrest, Arnold argues that, contrary to one finding underlying his conviction, his arrest was unlawful. This claim, then, also violates *Heck*."). In sum, Plaintiff's false arrest claim "necessarily impl[ies] the invalidity of his conviction or sentence," *Cano* 280 F. App'x at 408, so this claim is barred by *Heck*.

Further, as Defendants argue, any wrongful seizure or false arrest claim would fail for an additional reason. *Wells* and *Cormier* makes that " '[i]f there was probable cause for any of the charges made . . . then the *arrest* was supported by probable cause,' and *Heck* applies." *Cormier*,

---

[3] *See* La. Rev. Stat. Ann. § 14:108(A) ("Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity *and authorized by law to make a lawful arrest, lawful detention, or seizure of property* . . . when the offender knows or has reason to know that the person arresting, detaining, seizing property, or serving process is acting in his official capacity." (emphasis added)).

15

493 F. App'x at 583–84 (quoting *Wells*, 45 F.3d at 95). Thus, contrary to Plaintiff's arguments, it is immaterial that there was no probable cause for the Public Intimidation charge. Under Fifth Circuit case law, because there was probable cause for the Disturbing the Peace and Resisting an Officer charges, "the arrest was supported by probable cause, and *Heck* applies," *Cormier*, 493 F. App'x at 583–84 (citations and quotations omitted), and "the claim for false arrest fails," *Wells* 45 F.3d at 95.

For all these reasons, Plaintiff's § 1983 "malicious prosecution" claim is dismissed. This claim is not "independently cognizable" in the Fifth Circuit, and, to the extent Plaintiff asserts a wrongful seizure or false arrest claim, Plaintiff's claim fails because of *Heck* and because the arrest was supported by probable cause. Accordingly, this claim is dismissed.

### C. Section 1983 Claim - Supervisory and *Monell* Liability

Plaintiff did not oppose dismissal of his supervisory and *Monell* claims. (*See* Doc. 22 at 2.) Accordingly, these claims are dismissed with prejudice.

### D. Claim for Declaratory and Injunctive Relief to Hold La. Rev. Stat. Ann. § 14:122 Unconstitutional

Similarly, Plaintiff did not oppose the dismissal of his constitutional attack against La. Rev. Stat. Ann. § 14:122. (*See* Doc. 22 at 1–2.) Accordingly, these claims are also dismissed with prejudice.

### E. State Law Malicious Prosecution Claim and Vicarious Liability Claim

"The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— . . . (3) the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Here, the Court has dismissed all claims over which it has original jurisdiction, namely the claims under § 1983 and the claims that La. Rev. Stat. Ann § 14:122 was unconstitutional. As a result, § 1367(c)(3)

applies, and the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim of malicious prosecution and vicarious liability.

IV. *Plaintiff's MPSJ*

As stated above, Plaintiff also filed a cross motion for summary judgment on the state law malicious prosecution claim. For the same reasons provided above, the Court declines to exercise supplemental jurisdiction over this claim, so *Plaintiff's MPSJ* is denied without prejudice to refiling in state court.

V. **Conclusion**

Accordingly,

**IT IS ORDERED** that the *Motion for Summary Judgment* (Doc. 20) filed by Defendants Jason Ard, Sheriff of Livingston Parish, and Deputy Christian Williams is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff John Rouse's claims under § 1983 for malicious prosecution, for supervisory liability, and for *Monell* liability are **DISMISSED WITH PREJUDICE**. Further, Plaintiff's claim for injunctive and declaratory relief to hold La Rev. Stat. Ann. § 14:122 unconstitutional and prevent its enforcement are also **DISMISSED AS MOOT AND WITHOUT PREJUDICE**. The Court will decline to exercise supplemental jurisdiction over Plaintiff's state law malicious prosecution and vicarious liability claims, so this part of the *Defendants' MSJ* is **DENIED WITHOUT PREJUDICE**. Additionally, Plaintiff's *Motion for Partial Summary Judgment* (Doc. 24) on the issue of Plaintiff's state law malicious prosecution claim is **DENIED WITHOUT PREJUDICE.**

Signed in Baton Rouge, Louisiana, on <u>January 8, 2020</u>.

 _____
 **JUDGE JOHN W. deGRAVELLES**
 **UNITED STATES DISTRICT COURT**
 **MIDDLE DISTRICT OF LOUISIANA**